[Cite as *Curry v. Dept. of Transp.*, 2011-Ohio-2893.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONROE R. CURRY, JR.

     Plaintiff

     v.

DEPARTMENT OF
TRANSPORTATION

     Defendant

     Case No. 2010-10807-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Monroe R. Curry, Jr., filed this action against defendant, Department of Transportation (ODOT), alleging that his 2003 Cadillac Deville was damaged as a proximate cause of maintaining a hazardous condition on Aurora Road (State Route 43) within the City of Bedford Heights in Cuyahoga County. Plaintiff recorded he was traveling west on Aurora Road on January 18, 2010 when his automobile struck a large pothole causing substantial damage to the vehicle. In his complaint, plaintiff requested damage recovery in the amount of $417.23, the cost of replacement parts and related repair expenses. The filing fee was paid.

{¶ 2} 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact ODOT does not bear the maintenance responsibility for State Route 43 within the City of Bedford Heights. Defendant explained ODOT's "investigation indicates that the location of Plaintiff's incident would be within the maintenance of Bedford Heights or the Cleveland Water Department." Defendant

contended ODOT is not a proper party defendant to this action denying any maintenance responsibility for the roadway area where plaintiff's damage event occurred. Evidence shows ODOT does not maintain State Route 43 within the limits of Bedford Heights.

{¶ 3} 3) Plaintiff did not respond.

CONCLUSIONS OF LAW

{¶ 4} 1) R.C. 2743.01(A) provides:

"(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 5} 2) R.C. 2743.02(A)(1) states in pertinent part:

"(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 6} 3) R.C. 5501.31 in pertinent part states:

"Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 7} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MONROE R. CURRY, JR.

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-10807-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

       Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, this case is DISMISSED. Court costs are assessed against plaintiff.

                                    _____
                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Monroe R. Curry, Jr.                    Jerry Wray, Director
5367 Fairtree Road                        Department of Transportation
Bedford, Ohio  44146                1980 West Broad Street
                                    Columbus, Ohio  43223

RDK/laa
3/7

Filed 3/17/11
Sent to S.C. reporter 6/9/11